# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**AUSTIN GRADY**                                      **PLAINTIFF**

**v.**                  **No: 4:21-cv-00142-KGB-PSH**

**CHARLES ALLEN,** *et al.*                          **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Austin Grady filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on February 24, 2021, while in custody at the Pulaski County Detention Facility (Doc. No. 2).[1] On June 3, 2021, Defendants filed a motion to dismiss this lawsuit

---

[1] In its initial order to Grady, the Court notified him of his duty to promptly notify the Clerk and the parties of any change in his address. The Court also notified Grady that

because they had been unable to effect service of correspondence, pleadings, and discovery requests on Grady at his last known address (Doc. Nos. 23-25). On June 6, 2021, the Court entered a text order notifying Grady of the Defendants' motion and directing him to respond within 30 days (Doc. No. 26). Grady was also instructed to provide notice of his current mailing address with his response. He was warned that his failure to provide a current mailing address would cause the undersigned to recommend his complaint be dismissed. A printed version of the text order was sent to him at his last known address, the Pulaski County Detention Facility. The Court's June 6 order was returned to the Clerk of the Court as undeliverable on June 17, 2021. *See* Doc. No. 28. Other mail sent to Grady at his last known address was also returned as undeliverable. *See* Doc. No. 27.

More than 30 days have passed, and Grady has not complied or otherwise responded to the June 6 order. Grady failed to notify the Clerk and the other parties to the proceedings of a change in his address as required by Local Rule 5.5(c)(2). Accordingly, the Court finds that this action should be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2) and failure to respond to the Court's orders. *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (district courts have

---

if any communication from the Court to him is not responded to within 30 days, his case may be dismissed without prejudice. Doc. No. 5.

inherent power to dismiss *sua sponte* a case for failure to prosecute, and exercise of that power is reviewed for abuse of discretion).

It is therefore recommended that the Defendants' motion to dismiss (Doc. No. 23) be granted and this case be dismissed without prejudice.

DATED this 12th day of July, 2021.

_____
UNITED STATES MAGISTRATE JUDGE